IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MARIE AURORE AGAHUMUZA        :
4014 KANSAS AVENUE, NW        :
WASHINGTON, DC 20011        :
       :
       Plaintiff,        :
       :
v.        :      Civil Action No.
       :
DISTRICT OF COLUMBIA        :
1350 PENNSYLVANIA AVENUE, NW        ;
WASHINGTON, DC 20004        :
       :
     Serve:  Muriel Bowser, Mayor        :
           1350 Pennsylvania Avenue        :
           Washington, DC 21207        :
       :
     Defendant.        :

## COMPLAINT

Plaintiff, Marie Aurore Agahumuza, by and through her undersigned counsel, Neil S. Hyman, hereby sues the District of Columbia, violation of the FMLA and DCFMLA, and in support thereof, hereby states as follows:

## PARTIES

1.      Plaintiff is a female and adult resident of the District of Columbia.

2.      Defendant The District of Columbia is a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.

3.      Plaintiff worked for the D.C. Government – Department of Health, a District of Columbia governmental agency, located in the District of Columbia.

**JURISDICTION AND VENUE**

4.      Plaintiff invokes this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and this matter exceeds the sum or value of $75,000.

5.      Venue is proper in this Court because the transactions and occurrences or omissions giving rise to this matter occurred, and continue to occur, in Washington, D.C.

**FACTS OF THE CASE**

6.      Plaintiff was employed by Defendant from April 22, 2024 through and including January 15, 2026 as a Program Manager with the Health Systems Preparedness Administration.

7.      Plaintiff was completing the requirements of her job within the reasonable expectations of her employer at all times relevant to this Complaint.

8.      On or about October 1, 2025, Plaintiff submitted a request for leave under the FMLA and DCFMLA for her own serious medical condition.

9.      Plaintiff had been employed by Defendant for more than 1 year and had worked at least 1,250 in the 12 months prior to her FMLA request.

10.      On or about October 15, 2025, Defendant provided internal approval for Plaintiff's leave request, beginning on October 1, 2025 and allowing for up to 640 hours of leave.

11.      The final approval for Plaintiff's leave request was granted on November 3, 2025.

12.      Plaintiff was scheduled to return to work no later than February 2, 2026.

13.      On November 4, 2025, with Plaintiff having just been approved for FMLA leave, Defendant placed Plaintiff on paid administrative leave without providing any explanation of the reason for the leave.

14.      Plaintiff was prepared to return to work on or before January 21, 2026.

2

15.     Defendant terminated Plaintiff on January 15, 2026 (effective January 30, 2026) without any explanation or warning.

### COUNT I
### VIOLATION OF THE FAMILY MEDICAL LEAVE AND DC FAMILY MEDICAL LEAVE ACT

16.     Plaintiff hereby re-alleges and incorporates by reference all facts and allegations contained herein.

17.     The FMLA and the DC FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons.

18.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit the following actions:

- An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

- An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

19.     Plaintiff was discriminated against and retaliated against for having exercised her FMLA rights.

20.     The DC FMLA offers the same or similar protections as the FMLA and extends leave for up to 16 weeks.

21.     Shortly after the outset of Plaintiff's FMLA leave, she was placed on administrative leave without any explanation.

22.     Immediately prior to returning to work after her FMLA leave, Defendant terminated Plaintiff with no explanation.

23.     Defendant's violations of the FMLA and DCFMLA are willful

24.     Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's violation of the FMLA and the DCFMLA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendants:

A.     On Count I (Violation of the (DC)FMLA), reinstatement or economic damages in the amount of $150,000.00 as well as liquidated damages;

B.     Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fee; and

C.     Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: January 27, 2026

Respectfully Submitted,

/s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)

*Counsel for Plaintiff*

4